**APPENDIX A**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/18/2015 11:21:31 AM

CHRISTOPHER A. PRINE
Clerk

Cause No. <u>C-1-CV-14-010087</u>

⌐ILED FOR R:COR¡)

2015 FEB 24 AM II: 26

DANA DEBEAUVOIR
COUNTY CLERK
TRAVIS COUNTY OF TEXAS

STATE OF TEXAS
FOR THE PROTECTION OF

Camille Latour,
Applicant

§

IN THE COUNTY COURT

vs.

§

AT LAW NUMBER 4 OF

Daniel Shoemaker,
Respondent    (DOB:  05/12/70)

§

TRAVIS COUNTY, TEXAS

**AGREED PROTECTIVE ORDER**

On February 17, 2015, came to be heard this Application for a Protective Order, pursuant to and in accordance with:

[✓]    Chapter 7A of the Texas Code of Criminal Procedure, or

[ ]    Chapter 85 of the Texas Family Code.

## I.    APPEARANCES

Applicant appeared in person and through the State's attorney and announced ready.

[✓]    Respondent appeared in person and by and through counsel (_Christopher Bean_) and announced ready.

[ ]    Respondent appeared pro se and announced ready.

[ ]    Respondent failed to appear, although duly served with citation and notice.

## II.    FINDINGS

The Court, having considered all pleadings and heard the evidence and argument of counsel, finds that all necessary prerequisites of the law have been legally satisfied pursuant to Title IV, of the Texas Family Code and that the Court has jurisdiction over the parties and subject matter of this cause.

[ ]    The making of a record of testimony was waived.

[✓]    A record of testimony was made.

The Court finds that a protective order is in the best interest of the Applicant, the family or household, and the Court further finds that:

[ ]    The parties have agreed to the following protective orders.

[ ]    Family Violence has occurred and is likely to occur in the future.

[ ]    Respondent caused serious bodily injury to the Applicant or a member of the Applicant's family or household.

[ ]    Respondent was the subject of two or more previous protective orders rendered to protect the Applicant after a finding by the Court that the Respondent committed family violence and is likely to commit family violence in the future.

[ ]    There was a previous protective order, which has expired, and the Respondent violated the previous protective order by committing an act prohibited by the order while it was in effect.

[ ]    Reasonable grounds exist to believe Applicant has been the victim of a sexual assault.

[✓]    Reasonable grounds exist to believe Applicant has been the victim of stalking.

## III.    ORDERS

The Respondent is ORDERED, DIRECTED and COMMANDED:

(A)    To refrain from committing acts of family violence against the Applicant or any member of the Applicant's family or household (including acts intended to result in physical harm, bodily injury, assault or sexual assault, or threats reasonably placing a member in fear of physical harm, bodily injury, assault or sexual assault), and not to use any force that would cause injury to the Applicant.

(B)    Not to communicate nor attempt to communicate with the Applicant or any member of the Applicant's family or household in a threatening or harassing manner.

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 12·17·15

Dana DeBeauvoir, County Clerk
By Deputy:

[✓] The Court finds that good cause exists to order Respondent not to communicate with Applicant, in any manner whatsoever except through attorneys and it is so ordered. *Lor the Protected Persons)*

(C)  Not to communicate a threat nor attempt to communicate a threat to the Applicant or any member of the Applicant's family or household through any other person.

(D)  Not to engage in conduct directed specifically toward the Applicant or any member of the Applicant's family or household, including following the person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass that person, and not to stalk the Applicant, as stalking is defined by Section 42.072, Texas Penal Code.

(E)  Not to possess any firearms or ammunition, unless he/she is a peace officer, as defined by Section 1.07, Texas Penal Code.

(F)  Not to go within 200 yards of those persons or locations listed on this page or any location where he/she knows the Applicant or the persons listed below to be, except where such is necessary to attend court proceedings, or:

[ ] _____

---

| | | |
|---|---|---|
| Protected Person: | Camille Latour | DOB: 10/30/76 |
| Residence: | CONFIDNETIAL | |
| | Travis County, Texas, or any subsequent residence | |
| Place of Work: | Workplace - CONFIDENTIAL | |
| | Travis County, Texas, or any subsequent workplace | |
| Place of Work: | Workplace - CONFIDENTIAL | |
| | Travis County, Texas, or any subsequent workplace | |
| Protected Person: | | DOB: |
| Name of Facility: | Residence/School/Day Care Facility | |
| Location of Facility: | | |
| | Travis County, Texas, or any subsequent residence/school/day care facility | |
| Protected Person: | Marcellus Hartman | DOB: 11/14/46 |
| Relationship: | Applicant's father | |
| Location: | CONFIDENTIAL | |
| | Travis County, Texas, or any subsequent residence/workplace | |
| Protected Person: | Beverly (Anya)Grossman | DOB: 02/13/50 |
| Relationship: | Applicant's mother | |
| Location: | CONFIDENTIAL | |
| | Blanco County, Texas, or any subsequent residence/workplace | |

[✓] Pursuant to § 85.007 of the Texas Family Code, the Court grants Applicant's request for exclusion of the address of ~~his/her~~ /residences and places of employment, and the ~~children's schools and child care facilities~~ from this final Protective Order, and orders the clerk to exclude any such information in this order from the public records of the Court and maintain a confidential record of same.

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 12·17·15

Dana DeBeauvoir, County Clerk
By Deputy: _____

(G)     Respondent is ordered to pay the sum of $150.00/$296.00 (money order only) to the Clerk of this Court, said sum being the costs of service, the actual costs of court, the costs incurred by the clerk but not paid by Applicant, and all other fees, charges or expenses incurred in connection with the protective order. Said sum is ordered to be paid by _____ at the Travis County Courthouse, County Clerk Civil Division, 2nd Floor, Rm. 222, P. O. Box 149325, Austin, Texas 78714-9325, for which let execution lie.

(H)     Respondent is ordered to pay nominal attorney's fees in the amount of $300.00 (money order only) by _____ to the Travis County Attorney's Office, Protective Order Division, P.O. Box 1748, Austin, Texas 78767, for which let execution lie.

(I)     Respondent is ordered to enter, meet attendance requirements, pay costs and complete the _____-week Domestic Violence Prevention Program (DVPP) at the Austin Stress Clinic, 5555 N. Lamar Blvd., Ste. L123, Austin, Texas, (512/326-1717). Respondent is ordered to enter the program no later than _____ and to complete the program by _____. Respondent is ordered to comply with any recommendation/referral for additional or alternate counseling within seven (7) days of the recommendation being made and ordered to complete the program as recommended. Respondent is ordered to sign a waiver for release of information upon registration so that the Travis County Attorney's Office may monitor his/her participation in the program.

(J)     Respondent is ordered to enter, meet attendance requirements, pay costs and complete the _____-week counseling course offered by the Resolution Counseling Program at Lifeworks, 835 North Pleasant Valley Road, Austin, Texas 78702, (512/735-2100). Respondent is ordered to enter the program no later than _____ and to complete the program by _____. Respondent is ordered to comply with any recommendation/referral for additional or alternate counseling within seven (7) days of the recommendation begin made and ordered to complete the program as recommended. Respondent is ordered to sign a waiver for release of information upon registration so that the Travis County Attorney's Office may monitor his/her participation in the program.

(K)     Respondent is ordered to submit himself/herself [ ] for an alcohol and drug evaluation and [ ] for a family violence assessment to Counseling & Education Services (CES) of Travis County, 1010 Lavaca St., 2nd Floor, Austin, Texas, (512/854-9540), by _____ _____ Respondent is ordered to comply with any recommendation/referral for additional or alternate counseling within seven (7) days of the recommendation being made and ordered to complete the program as recommended. Respondent is ordered to sign a waiver for release of information upon registration so that the Travis County Attorney's Office may monitor his/her participation in the program.

(L)     The Applicant and Respondent will not willfully nor intentionally damage, transfer, encumber, or otherwise dispose of any property owned or leased by the parties except in the ordinary course of business. The Respondent shall not harm, cause harm to come to, or remove from the possession of Applicant or any member of Applicant's family or household any pets owned by or in the possession of Applicant or any member of Applicant's family or household.

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 12·17·15

Dana DeBeauvoir, County Clerk

By Deputy: _____

(M)   Any license to carry a concealed handgun issued to Respondent under Section 411.177, Government Code, is hereby suspended.

(N) _____
_____
_____
_____
_____
_____

(O)   Respondent is ORDERED to transfer any firearms in his/her possession to the Travis County Sheriff's Office located at The Ruiz Building, 5555 Airport Blvd., Austin, Texas by _____ February 25, 2015 at 5:00 a.m./p.m.   Respondent shall keep all the firearms unloaded in the trunk of his/her vehicle and upon arriving at the Ruiz Building he/she shall provide the receptionist with a copy of this order and notify them that he/she is there to turn in their firearms and/or ammunition. The Travis County Sheriff's Office shall retrieve the firearms from the vehicle and provide Respondent with a receipt for the firearms and/or ammunition. Respondent is ORDERED to provide a copy of the receipt from the Travis County Sheriff's Office to the Travis County Attorney's Office, Protective Order Division by February 24, 2015 at 3:00 a.m./p.m. The Travis County Sheriff's Office shall maintain the firearms in protective custody for the duration of this order or until further order of this Court.

_____
_____
_____
_____

This Court also finds that this order:

[ X ]   has been served on Respondent in open court; or

[ ]   shall be personally served upon Respondent in the same manner as a writ of injunction; or

[ ]   shall be served on Respondent by registered or certified mail in accordance with Rule 21A, Texas Rules of Civil Procedure.

**A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF AS MUCH AS $500.00 OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.**
**A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THIS ORDER MAY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000.00 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, OR BOTH. AN ACT THAT RESULTS IN FAMILY VIOLENCE OR A STALKING OFFENSE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE.   IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS.**
**NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.**

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 12-17-15

Dana DeBeauvoir, County Clerk
By Deputy: _____

A RESPONDENT ORDERED INTO COUNSELING OR INTO A BATTERER'S TREATMENT PROGRAM SHALL FILE AN AFFIDAVIT WITH THE COURT THAT HE/SHE HAS BEGUN THE PROGRAM OR THAT THE PROGRAM IS NOT AVAILABLE WITHIN A REASONABLE DISTANCE TO THE RESPONDENT'S RESIDENCE NO LATER THAN 60 DAYS AFTER THE PROTECTIVE ORDER IS SIGNED BY THE JUDGE. FURTHER, NOT LATER THAN THE 30TH DAY BEFORE THE EXPIRATION OF THE PROTECTIVE ORDER, RESPONDENT SHALL FILE A STATEMENT THAT HE/SHE COMPLETED THE PROGRAM. AN AFFIDAVIT MUST BE ACCOMPANIED BY A LETTER, NOTICE, OR CERTFICATE FROM THE PROGRAM OR COUNSELOR THAT VERIFIED COMPLETION OF THE PROGRAM OR COUNSELING. FAILURE TO SUBMIT THE AFFIDAVITS MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE IN THE AMOUNT NOT TO EXCEED $500.00 OR BY CONFINEMENT IN JAIL FOR A TERM NOT TO EXCEED SIX MONTHS, OR BOTH.

IT IS UNLAWFUL FOR A PERSON, OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM OR AMMUNITION.

AS PROVIDED IN TITLE 18, UNITED STATES CODE, SECTION 922 (g) (8), A RESPONDENT SUBJECT TO THIS ORDER, WHERE THE APPLICANT IS THE SPOUSE, FORMER SPOUSE, PARENT OF A CHILD OF THE RESPONDENT, OR AN INDIVIDUAL WITH WHOM THE RESPONDENT COHABITATES OR HAS COHABITATED, IS PROHIBITED FROM SHIPPING, TRANSPORTING, POSSESSING, OR RECEIVING FIREARMS OR AMMUNITION WHILE THE ORDER IS IN EFFECT. THIS INCLUDES FIREARMS OR AMMUNITION POSSESSED OR RECEIVED PRIOR TO THE ISSUANCE OF THIS ORDER. THE POSSESSION, RECEIPT, SHIPMENT, OR TRANSPORTATION OF FIREARMS OR AMMUNITION WHILE SUBJECT TO THIS ORDER IS A FEDERAL OFFENSE PUNISHABLE BY UP TO TEN YEARS IMPRISONMENT.

IT IS ORDERED, ADJUDGED and DECREED that the Respondent is ORDERED to comply with the terms of the Protective Order as stated above, and said orders shall remain in full force and effect as to the parties [ ✓ for the term of *ten* years, and will expire at midnight on _____ February 24, 2025 , , unless the Respondent is incarcerated on that date, in which case the order shall remain in effect for one year after the date of Respondent's release from incarceration, the duration allowed in the Texas Code of Criminal Procedure Chapter 7A.

This Order supersedes any Emergency Protective Order issued pursuant to § 17.242 of the Code of Criminal Procedure.

SIGNED this ___24___ day of ___February___, 201_5_.

_____
Presiding Judge

I, Dana DeBeauvoir, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy es same appears of record in my office. Witness my hand and seal of office on 12·17·15

Dana DeBeauvoir, County Clerk
By Deputy:

APPROVED AS TO FORM A~~ND CONTENT~~:

_____
Applicant

_____
ERIN MARTINSON        24012504
JENNY ANDERSON        24027197
HILARY L. RILEY       24013404
LAUREN CISNEROS       24077475
Assistant County Attorney
P.O. Box 1748
Austin, Texas 78767
(512) 854-4163
(512) 854-9570 FAX

Respondent
Address: _____

Phone: _____

Name: _____Christopher Ben____
Address: ___1301 S.I IH 35_____
_____#105_____

Phone:__512·916·9956_____
Fax: _____
SBN:____24012263_____
ATTORNEY FOR RESPONDENT

I, Dana DeBeauvoir, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on  12·18·15

Dana DeBeauvoir, County Clerk
By Deputy:

FAMILY CODE

TITLE 4. PROTECTIVE ORDERS AND FAMILY VIOLENCE

Sec. 71.0021. DATING VIOLENCE. (a) "Dating violence" means an act, other than a defensive measure to protect oneself, by an actor that:

(1) is committed against a victim or applicant for a protective order:

(A) with whom the actor has or has had a dating relationship; or

(B) because of the victim's or applicant's marriage to or dating relationship with an individual with whom the actor is or has been in a dating relationship or marriage; and

(2) is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the victim or applicant in fear of imminent physical harm, bodily injury, assault, or sexual assault.

(b) For purposes of this title, "dating relationship" means a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature. The existence of such a relationship shall be determined based on consideration of:

(1) the length of the relationship;

(2) the nature of the relationship; and

(3) the frequency and type of interaction between the persons involved in the relationship.

(c) A casual acquaintanceship or ordinary fraternization in a business or social context does not constitute a "dating relationship" under Subsection (b).

Sec. 71.004. FAMILY VIOLENCE. "Family violence" means:

(1) an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself;

(2) abuse, as that term is defined by Sections 261.001(1)(C), (E), (G), (H), (I), (J), and (K), by a member of a family or household toward a child of the family or household; or

(3) dating violence, as that term is defined by Section 71.0021.

Sec. 81.001.  ENTITLEMENT TO PROTECTIVE ORDER.  A court shall render a protective order as provided by Section 85.001(b) if the court finds that family violence has occurred and is likely to occur in the future.

Sec. 85.001.  REQUIRED FINDINGS AND ORDERS.  (a)  At the close of a hearing on an application for a protective order, the court shall find whether:

(1)  family violence has occurred;  and

(2)  family violence is likely to occur in the future.

(b)  If the court finds that family violence has occurred and that family violence is likely to occur in the future, the court:

(1)  shall render a protective order as provided by Section 85.022 applying only to a person found to have committed family violence;  and

(2)  may render a protective order as provided by Section 85.021 applying to both parties that is in the best interest of the person protected by the order or member of the family or household of the person protected by the order.

(c)  A protective order that requires the first applicant to do or refrain from doing an act under Section 85.022 shall include a finding that the first applicant has committed family violence and is likely to commit family violence in the future.

(d)  If the court renders a protective order for a period of more than two years, the court must include in the order a finding described by Section 85.025(a-1).

Sec. 85.025. DURATION OF PROTECTIVE ORDER. (a) Except as otherwise provided by this section, an order under this subtitle is effective:

(1) for the period stated in the order, not to exceed two years; or

(2) if a period is not stated in the order, until the second anniversary of the date the order was issued.

(a-1) The court may render a protective order sufficient to protect the applicant and members of the applicant's family or household that is effective for a period that exceeds two years if the court finds that the person who is the subject of the protective order:

(1) caused serious bodily injury to the applicant or a member of the applicant's family or household; or

(2) was the subject of two or more previous protective orders rendered:

(A) to protect the person on whose behalf the current protective order is sought; and

(B) after a finding by the court that the subject of the protective order:

(i) has committed family violence; and

(ii) is likely to commit family violence in the future.

(b) A person who is the subject of a protective order may file a motion not earlier than the first anniversary of the date on which the order was rendered requesting that the court review the protective order and determine whether there is a continuing need for the order. A person who is the subject of a protective order under Subsection (a-1) that is effective for a period that exceeds two years may file a subsequent motion requesting that the court review the protective order and determine whether there is a continuing need for the order not earlier than the first anniversary of the date on which the court rendered an order on a previous motion by the person under this subsection. After a hearing on the motion, if the court does not make a finding that there is no continuing need for the protective

order, the protective order remains in effect until the date the order expires under this section.  Evidence of the movant's compliance with the protective order does not by itself support a finding by the court that there is no continuing need for the protective order.  If the court finds there is no continuing need for the protective order, the court shall order that the protective order expires on a date set by the court.

(c)  If a person who is the subject of a protective order is confined or imprisoned on the date the protective order would expire under Subsection (a) or (a-1), or if the protective order would expire not later than the first anniversary of the date the person is released from confinement or imprisonment, the period for which the order is effective is extended, and the order expires on:

(1)  the first anniversary of the date the person is released from confinement or imprisonment, if the person was sentenced to confinement or imprisonment for more than five years; or

(2)  the second anniversary of the date the person is released from confinement or imprisonment, if the person was sentenced to confinement or imprisonment for five years or less.

PENAL CODE

TITLE 5. OFFENSES AGAINST THE PERSON

CHAPTER 22. ASSAULTIVE OFFENSES

Sec. 22.01.  ASSAULT.  (a)  A person commits an offense if the person:

(1)  intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

(2)  intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse;  or

(3)  intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

(b)  An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:

(1)  a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant;

(2)  a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code, if:

(A)  it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code; or

(B)  the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth;

(3)  a person who contracts with government to perform a service in a facility as defined by Section 1.07(a)(14), Penal Code, or Section 51.02(13) or (14), Family Code, or an employee of that person:

(A)  while the person or employee is engaged in performing a service within the scope of the contract, if the actor knows the person or employee is authorized by government to provide the service;  or

(B)  in retaliation for or on account of the person's or employee's performance of a service within the scope of the contract;

(4)  a person the actor knows is a security officer while the officer is performing a duty as a security officer; or

(5)  a person the actor knows is emergency services personnel while the person is providing emergency services.

(b-1)  Notwithstanding Subsection (b)(2), an offense under Subsection (a)(1) is a felony of the second degree if:

(1)  the offense is committed against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code;

(2)  it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, or 21.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code; and

(3)  the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth.

(c)  An offense under Subsection (a)(2) or (3) is a Class C misdemeanor, except that the offense is:

(1)  a Class A misdemeanor if the offense is committed under Subsection (a)(3) against an elderly individual or

disabled individual, as those terms are defined by Section 22.04; or

(2) a Class B misdemeanor if the offense is committed by a person who is not a sports participant against a person the actor knows is a sports participant either:

(A) while the participant is performing duties or responsibilities in the participant's capacity as a sports participant; or

(B) in retaliation for or on account of the participant's performance of a duty or responsibility within the participant's capacity as a sports participant.

(d) For purposes of Subsection (b), the actor is presumed to have known the person assaulted was a public servant, a security officer, or emergency services personnel if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant or status as a security officer or emergency services personnel.

(e) In this section:

(1) "Emergency services personnel" includes firefighters, emergency medical services personnel as defined by Section 773.003, Health and Safety Code, emergency room personnel, and other individuals who, in the course and scope of employment or as a volunteer, provide services for the benefit of the general public during emergency situations.

(3) "Security officer" means a commissioned security officer as defined by Section 1702.002, Occupations Code, or a noncommissioned security officer registered under Section 1702.221, Occupations Code.

(4) "Sports participant" means a person who participates in any official capacity with respect to an interscholastic, intercollegiate, or other organized amateur or professional athletic competition and includes an athlete, referee, umpire, linesman, coach, instructor, administrator, or staff member.

(f) For the purposes of Subsections (b)(2)(A) and (b-1)(2):

(1)  a defendant has been previously convicted of an offense listed in those subsections committed against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code, if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision; and

(2)  a conviction under the laws of another state for an offense containing elements that are substantially similar to the elements of an offense listed in those subsections is a conviction of the offense listed.

(g)  If conduct constituting an offense under this section also constitutes an offense under another section of this code, the actor may be prosecuted under either section or both sections.

Art. 38.46.  EVIDENCE IN PROSECUTIONS FOR STALKING.  (a) In a prosecution for stalking, each party may offer testimony as to all relevant facts and circumstances that would aid the trier of fact in determining whether the actor's conduct would cause a reasonable person to experience a fear described by Section 42.072(a)(3)(A), (B), or (C), Penal Code, including the facts and circumstances surrounding any existing or previous relationship between the actor and the alleged victim, a member of the alleged victim's family or household, or an individual with whom the alleged victim has a dating relationship.

(b)  This article does not permit the presentation of character evidence that would otherwise be inadmissible under the Texas Rules of Evidence or other applicable law.

41.3. Precedent in Transferred Cases In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. The court's opinion may state whether the outcome would have been different had the transferee court not been required to decide the case in accordance with the transferor court's precedent.